ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| RICARDO HATTON RENTAS<br>Peticionario<br><br>v.<br><br><br>CARLOS R. NEGRÓN AVILÉS, Y OTROS<br>Recurrido | TA2025CE00637 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.<br>K AC2014-0655<br><br>Sobre:<br><br>Sentencia Declaratoria |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y el Juez Salgado Schwarz

Salgado Schwarz, Carlos G., Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de octubre de 2025

Comparece el señor Ricardo R. Hatton Rentas ("Sr. Hatton" o "Peticionario") y solicita que revisemos la Orden emitida el 18 de septiembre de 2025[2] por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro de instancia" o "foro recurrido") en la que declaró *No Ha Lugar* la Solicitud de Relevo de Sentencia bajo la Regla 49.2 de Procedimiento Civil.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *certiorari*.

-I-

El 9 de julio de 2024 el foro de instancia celebró el juicio en su fondo en el presente caso. Luego de

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202200728 y KLCE202401253).
[2] Notificada el 22 de septiembre de 2025.

múltiples trámites procesales, incluyendo la presentación de un recurso de *certiorari* ante este Tribunal, el 22 de mayo de 2025, el foro recurrido emitió una *Sentencia final*[3]. El 6 de junio de 2025, el Sr. Hatton presentó una *Moción de Reconsideración de Sentencia*[4]. Oportunamente, el señor Carlos R. Negrón y High Tower Investment ("Recurridos") presentaron una *Oposición a Moción de Reconsideración de Sentencia*[5]. Luego de evaluar las posiciones de las partes, el foro de instancia emitió una *Orden*[6] el 11 de julio de 2025 en la que declaró *No Ha Lugar* la solicitud de reconsideración. Ahora bien, el 12 de septiembre de 2025, el Peticionario presentó un *Relevo de Sentencia bajo la Regla 49.2 de Procedimiento Civil*[7]. En esa ocasión, el licenciado Gabriel Rubio Castro ("Lcdo. Rubio"), representante legal del Peticionario, alegó que no fue hasta el 27 de agosto de 2025 que su representado advino en conocimiento de tal determinación. El Lcdo. Rubio señaló que no le notificó al Sr. Hatton dentro del término que tenía para apelar, la Orden declarando *No Ha Lugar* la solicitud de reconsideración[8]. Como parte de su planteamiento, el Lcdo. Rubio alegó que no tenía conocimiento de la notificación del foro de instancia debido a que sus asistentes de oficina crearon un filtro en la bandeja de entrada de correos electrónicos de forma tal que los correos provenientes de las direcciones NoReply@poderjudicial.pr y noreply@poderjudicial.pr no aparecían en la bandeja de entrada principal. Por tal razón, sostiene que el derecho de apelar del Sr. Hatton

---

[3] Véase Apéndice 5 del recurso de *certiorari*, págs. 46-70.
[4] *Íd.*, Apéndice 6, págs. 71-78.
[5] *Íd.*, Apéndice 7, págs. 79-80.
[6] *Íd.*, Apéndice 9, págs. 116-117.
[7] *Íd.*, Apéndice 11, págs. 119-128.
[8] *Íd.*, Apéndice 11, pág. 120.

no debe verse afectado por la deficiencia en la notificación de la Orden en cuestión. El 18 de septiembre de 2025, el foro recurrido emitió una *Orden*[9] declarando *No Ha lugar* la solicitud de relevo de sentencia. Inconforme, el 18 de octubre de 2025, el Peticionario acudió ante esta Curia mediante recurso de *certiorari* e hizo los siguientes señalamientos de error:

> **ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE RELEVO DE SENTENCIA AL AMPARO DE LA REGLA 49.2 DE PROCEDIMIENTO CIVIL POR CONSTITUIRSE NEGLIGENCIA EXCUSABLE.**

> **ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE RELEVO DE SENTENCIA AL AMPARO DE LA REGLA 49.2 DE PROCEDIMIENTO CIVIL POR NULIDAD DE LA SENTENCIA QUE VIOLABA LA DOCTRINA DE LA LEY DEL CASO.**

-II-

**A. *Certiorari***

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[10]

Mediante la Regla 52.1 de Procedimiento Civil de 2009[11], se hizo un cambio trascendental respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del TPI mediante recurso de *certiorari*. A tales efectos, la Regla 52.1 de Procedimiento Civil, *supra*, dispone, en parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por

---

[9] Véase Entrada #2 del Apéndice del recurso de *certiorari* en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[10] *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009).
[11] 32 LPRA Ap. V, R. 52.1.

excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Por tanto, el asunto planteado en el recurso instado por el promovente debe tener cabida bajo alguno de los incisos de la Regla 52.1, *supra*, pues el mandato de la referida regla establece taxativamente que "*solamente será expedido*" el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, aquellos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[12]

---

[12] La Ley Núm. 177 del 30 de noviembre de 2010 "extendió la facultad de presentar recursos de *certiorari* para revisar también aquellas órdenes o resoluciones interlocutorias dictadas por el foro primario que involucren asuntos de interés público o que presenten situaciones que demanden la atención inmediata del foro revisor, pues aguardar hasta la conclusión del caso conllevaría un 'fracaso irremediable de la justicia'" *IG Builders, et al. v. BBVAPR*, 185 DPR 307 (2012).

Así las cosas, el primer examen que debe pasar todo recurso de *certiorari* para ser expedido es que tenga cabida bajo alguno de los incisos de la Regla 52.1 de Procedimiento Civil.

Superada esta primera etapa, procede hacer nuestro examen tradicional caracterizado por la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. A pesar de ser un asunto discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones esboza los siete criterios que el tribunal tomará en consideración al determinar la expedición de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[13]

Por tanto, la discreción judicial "*no se da en un vacío ni en ausencia de unos parámetros*", sino que el

---

[13] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 60, 215 DPR ___ (2025).

tribunal revisor debe ceñirse a los criterios antes transcritos.[14]

Si luego de evaluar los referidos criterios, el tribunal no expide el recurso, queda a su discreción fundamentar su determinación, debido a que no tiene la obligación de hacerlo.[15] Esto es cónsono con el fundamento cardinal para la adopción de la Regla 52.1, *supra*, que es "*atender los inconvenientes asociados con la dilación que el antiguo esquema ocasionaba en los procedimientos, así como la incertidumbre que se suscitaba entre las partes del litigio*".[16]

-III-

En el presente caso, el Lcdo. Rubio alega que el derecho de apelar de su cliente no debe verse afectado por la notificación tardía de la determinación del foro de instancia. Veamos.

Según surge de la solicitud de relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, *supra*, la dilación en notificar la Orden fue debido a que el personal que asiste al Lcdo. Rubio en su oficina realizó una configuración en el correo electrónico que le impidió a este conocer la determinación del foro de instancia al momento de ser notificada.

A fin de atender el asunto ante nuestra consideración, nos cuestionamos si el foro de instancia actuó con perjuicio, parcialidad o craso abuso de discreción al declarar *No Ha Lugar* la solicitud de relevo de sentencia. A dicha interrogante, contestamos en la negativa.

---

[14] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[15] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[16] *IG Builders, et al. v. BBVAPR, supra,* a la pág. 336.

El Tribunal Supremo de Puerto Rico ha sido puntual al expresarse sobre el deber de notificación que tiene todo abogado con su cliente. Por otra parte, cabe señalar que, este Tribunal no tiene autoridad para apartarse de la normativa vigente respecto al término jurisdiccional de treinta días para presentar un recurso de *certiorari*.

Por lo tanto, luego de examinar el recurso ante nos y de revisar los criterios de la Regla 52.1 y la Regla 40, *supra,* concluimos que no existen razones que justifiquen nuestra intervención con la determinación recurrida. Como tribunal revisor, sólo debemos intervenir con las determinaciones interlocutorias del foro primario cuando se demuestre que este último actuó con prejuicio, parcialidad, con craso abuso de su discreción o se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Eso no ocurrió en el caso de autos. Al contrario, concluimos que la determinación del foro de instancia de no acoger la solicitud de relevo de sentencia fue correcta.

-IV-

Por los fundamentos que anteceden, **denegamos** la expedición del auto de *certiorari* ante nuestra consideración.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones